*712 MEMORANDUM **
Marco Antonio Paul-Cap, a native and citizen of Guatemala, petitions for review of a Board of Immigration Appeals order dismissing his appeal from an immigration judge’s decision denying his application for asylum, withholding of removal and protection under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252. We review factual findings for substantial evidence, Santos-Lemus v. Mukasey, 542 F.3d 738, 742 (9th Cir.2008), and deny the petition for review.
Substantial evidence supports the Board’s denial of asylum and withholding of removal because Paul-Cap failed to show his alleged persecutors threatened him on account of a protected ground. His fear of future persecution based on an actual or imputed anti-gang or anti-crime opinion is not on account of the protected ground of either membership in a particular social group or political opinion. Ramos Barrios v. Holder, No. 06-74983, 2009 WL 1459484, at *3-4 (9th Cir. May 27, 2009); Santos-Lemus, 542 F.3d at 745-47; see Ochave v. INS, 254 F.3d 859, 865 (9th Cir.2001) (“Asylum generally is not available to victims of civil strife, unless they are singled out on account of a protected ground”). Substantial evidence also supports the Board’s determination that it was unsupported speculation for Paul-Cap to claim the government might persecute him on account of imputed political opinion based on suspected gang membership. Because the Board found no nexus to any protected ground, we need not consider Paul-Cap’s contention that the Board erred in finding no past persecution or a well-found fear of future persecution.
Substantial evidence also supports the Board’s denial of CAT relief based on the Board’s finding that Paul-Cap did not establish a likelihood of torture for any reason — including based on his Mayan heritage' — by, at the instigation of, or with the consent or acquiescence of the Guatemalan government. See Arteaga v. Mukasey, 511 F.3d 940, 948-49 (9th Cir.2007).
We deny as moot respondent’s motion to strike portions of the excerpts of record.
PETITION FOR REVIEW DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.